On Rehearing
PER CURIAM.
On application for rehearing respondents contend that they are entitled to a rehearing as a matter of right due to the failure of this court in the majority opinion to make any mention of or to consider their principal contention that Act 170 of 1952 is authorized under the provisions of Article 4, § 4, of the Constitution. It is true that no mention of Article 4, § 4, of the Constitution was made in the majority opinion, but this does not mean that it was not considered for in fact it was, the majority of the court being of the opinion that it had no application to the question at issue in these proceedings. We are still of this opinion.
What we held in the majority opinion was that the Legislature was by Article 14, § 3, prohibited from changing the form of government in any parish, say, from the police jury form of government, to a commission form or some other form, except in the manner set forth in this article — that *815 is, by making the optional plans so prescribed available to each and every other parish in the state when authorized by a majority of the electors voting at election held for such purpose.
 Article 4, § 4, prohibits the Legislature from passing local or special laws on certain specified subjects. This article provides that this prohibition shall not apply to laws for the organization of parishes. Article 4, § 4, does not purport to grant authority to the Legislature to do anything with respect to the organization of parishes; it merely excepts this subject from the limitations otherwise prescribed in this particular article. Special or local laws on the excepted subjects are constitutional unless prohibited by some other article of the Constitution. Here we have another article of the Constitution, to-wit, Article 14, § 3, which limits the power of the Legislature in its adoption of optional plans for the organization of parochial government to such prescribed plans as are made available to each and every other parish when authorized by a majority of the electors voting at an election held for such purpose. We consider this article controlling here.
HAMITER, J., adheres to the reasons assigned by him in his original dissent.
McCALEB, J., dissents from the refusal' of a rehearing adhering to the views heretofore expressed by him.